# HONIGMAN

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

Andrew S. Doctoroff
313-465-7360
Fax: 313-465-7361
adoctoroff@honigman.com

VIA HAND DELIVERY

August 15, 2008

Nathaniel E. Burney, Esq.
THE BURNEY LAW FIRM LLC
747 Third Avenue, 32nd Floor
New York, NY 10017

Re:   *Drew Conner v. Ford Motor Company and Roush Performance Products, Inc.*
      *Case No. 08-CIV-6941*

Dear Nathaniel:

This law firm represents Roush Performance Products, Inc. ("Roush") in the above-captioned matter. Enclosed please find the executed Waiver of Service of Summons. Thus, this will confirm that Roush must answer or otherwise respond to the Complaint no later than October 3, 2008.

Yours very truly,

Andrew S. Doctoroff

Enclosure

DETROIT.3273752.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREW CONNER, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, and ROUSH PERFORMANCE PRODUCTS, INC.,<br><br>                                        Defendants. | **08 CIV 6941**<br><br>Civil Action No.<br><br><br>WAIVER OF SERVICE OF SUMMONS |

    I acknowledge receipt of plaintiff's request that I waive service of a summons in the above-captioned action. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to the plaintiff's attorney without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

    I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon plaintiff's attorney within 60 days after August 4, 2008, or within 90 days after that date if the request was sent outside the United States.

_8-15-08_                                                                                  _[signature]_
DATE                                                                                      FOR: Roush Performance Products, Inc.

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

**Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.**

**It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.**

**A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has actually been served when the request for waiver of service was received.**